IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00860-BNB

WESLEY BERNARD WILLIAMS,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Wesley Bernard Williams, is in the custody of the Federal Bureau of Prisons at USP-Florence, Colorado. Mr. Williams has filed a Prisoner Complaint asserting a deprivation of his Eighth Amendment rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. He has been granted leave to proceed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915, with payment of an initial partial filing fee.

    The Court must construe the Complaint liberally because Mr. Williams is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Mr. Williams will be directed to file an amended complaint.

    Plaintiff alleges in the Complaint that prior to his transfer to USP-Florence in

August 2012, he was prescribed a medicated shampoo to treat bleeding and itchy bumps on his scalp. In December 2012, Dr. Allred denied Plaintiff's request for a refill of the medication on the ground that there was limited information about Plaintiff's condition in his prisoner file. Mr. Williams alleges that he obtained a copy of his medical file and learned that, contrary to Dr. Allred's representation, there was significant documentation to substantiate his medical condition. Mr. Williams asserts that Dr. Allred has fabricated statements in Plaintiff's prison file about examinations of Plaintiff that never occurred. Mr. Williams saw a different doctor on January 25, 2013, who prescribed treatment for Plaintiff's chronic scalp condition. However, Dr. Allred then denied Plaintiff the prescribed treatment. Mr. William alleges that without the medication, his symptoms have worsened and are causing him pain. Plaintiff claims that Defendant Federal Bureau of Prisons, acting through Dr. Allred, has been deliberately indifferent to his chronic scalp condition, in violation of the Eighth Amendment. In the jurisdiction section of the Complaint, he states that his cause of action arises under the FTCA. Mr. Williams seeks monetary relief.

Mr. Williams' *Bivens* claim(s) against the Federal Bureau of Prisons are barred by the doctrine of sovereign immunity. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define this court's subject matter jurisdiction. See *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir.1996). The United States has not waived sovereign immunity for itself or its agencies under *Bivens* for constitutional tort claims and therefore cannot be sued in a *Bivens* action. *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994) (holding that a *Bivens* action may not be brought against the United States).

Mr. Williams indicates in his Complaint that his claims against the Bureau of Prisons also arises under the FTCA. "The FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). The FTCA allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties. 28 U.S.C. § 1346(b)(1). The United States is the sole defendant to an FTCA action. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001) (noting that the United States is the only proper defendant to an FTCA suit). *See also* 28 U.S.C. §§ 2674, 2679.

Mr. Williams has already initiated a *Bivens* action in this Court against Dr. Allred, asserting Eighth Amendment claims based on the same facts as those alleged in the instant action. *See* Case No. 13-cv-03420-RBJ-BNB. "[T]he FTCA and a *Bivens* claim are alternative remedies." *Robbins v. Wilke*, 300 F.3d 1208, 1213 (10th Cir. 2002). "When a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress: 1) he may bring a *Bivens* claim against the individual officer based on the constitutional violation, or 2) he may bring a common law tort action against the United States pursuant to the FTCA." *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir.1994) (citations omitted). Accordingly, a plaintiff can pursue a *Bivens* action against a federal official in his individual capacity and an FTCA claim against the United States arising out of the same subject matter, but a judgment against the United States under the FTCA precludes recovery against the federal employee under *Bivens*. *Engle*, 24 F.3d at 135 ("Although the plaintiff may elect initially to bring his action against either defendant, a

judgment against the United States under the FTCA constitutes a complete bar to any action by the claimant, by reason of the same subject matter, against the employee . . . whose act or omission gave rise to the claim.'") (quoting § 2676); *see also Trentadue*, 397 F.3d at 858-59 (concluding that district court was required to vacate *Bivens* judgment where court later entered judgment on FTCA claims arising out of the same subject matter, pursuant to § 2676).

Accordingly, if Mr. Williams intends to pursue an FTCA claim against the United States, he is directed to file, within **thirty (30) days**, an amended complaint, on the court-approved Prisoner Complaint form, asserting an FTCA claim only and naming the United States of America as the sole defendant.  It is

FURTHER ORDERED that Mr. Williams shall obtain a copy of the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Williams fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action may be dismissed without further notice.

DATED April 2, 2014, at Denver, Colorado.

          BY THE COURT:

           s/ Boyd N. Boland
          United States Magistrate Judge