IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00860-BNB

WESLEY BERNARD WILLIAMS,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

ORDER DISMISSING CASE

    Plaintiff, Wesley Bernard Williams, is in the custody of the Federal Bureau of Prisons and is incarcerated at the United States Penitentiary in Florence, Colorado. He initiated this action by filing a Prisoner Complaint asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, based on allegations that Dr. Allred denied him adequate medical care for a chronic scalp condition.

    On April 2, 2014, Magistrate Judge Boyd N. Boland reviewed the Prisoner Complaint and determined that it was deficient because the doctrine of sovereign immunity precluded Plaintiff's suit against the Bureau of Prisons. Magistrate Judge Boland further observed that Mr. Williams had already initiated a *Bivens* action in this Court against Dr. Allred, asserting Eighth Amendment claims based on the same facts as those alleged in the instant action. *See* Case No. 13-cv-03420-RBJ-BNB. Magistrate Judge Boland informed Mr. Williams in the April 2 Order that an FTCA action against

1

the United States and a *Bivens* action against a federal official are alternate remedies, and that a judgment against the United States under the FTCA constitutes a complete bar to any action by the claimant, by reason of the same subject matter, against the employee . . . whose act or omission gave rise to the claim. *See* 28 U.S.C. §§ 2674, 2676, 2679. Magistrate Judge Boland then directed Plaintiff to file an Amended Complaint asserting an FTCA claim against the United States within thirty (30) days if he intended to pursue relief under that statute.

On April 29, 2014, Mr. Williams filed a "Request Permission to Voluntary Dismissal Civil Action No. 14-cv-00860-BNB under Fed. R. Civ. P. 41(a)(1)(A)" (ECF No. 10).

Fed. R. Civ. P. 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." No answer or motion for summary judgment has been filed by Defendants in this action. Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The motion, therefore, closes the file as of April 29, 2014. *See Hyde Constr. Co.*, 388 F.2d at 507.

Mr. Williams is reminded that an action under the FTCA must be filed within six months after the claimant receives notice of the agency's final denial of an administrative claim. 28 U.S.C. § 2401(b). Accordingly, it is

ORDERED that the action is dismissed pursuant to Fed. R. Civ. P. 41(a)(1). It is

FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of April 29, 2014, the date Plaintiff filed the "Request Permission to Voluntary Dismissal Civil Action No. 14-cv-00860-BNB under Fed. R. Civ. P. 41(a)(1)(A)."

DATED at Denver, Colorado, this  1st  day of    May           , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court